UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JESUS CASTENEDA-RIVERA, | No. 07-73379 |
| Petitioner, | Agency No. A077-125-430 |
| v. | |
| ERIC H. HOLDER JR., Attorney General | ORDER |
| Respondent. | |

Before:     CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

The government's petition for panel rehearing is granted.

The memorandum disposition filed on June 8, 2010, is withdrawn. A new memorandum disposition will be filed concurrently with this order.

Any petition for rehearing of the new memorandum disposition must be filed within 45 days.

FILED

MAR 23 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JESUS CASTENEDA-RIVERA, | No. 07-73379 |
| Petitioner, | |
| v. | Agency No. A077-125-430 |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 25, 2010 [**]

Before:     CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Jesus Casteneda-Rivera, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

proceedings to apply for adjustment of status. Our jurisdiction is governed by 8 U.S.C. § 1252. We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Casteneda-Rivera's motion as untimely where the motion was filed more than five months after the BIA's final administrative order. *See* 8 C.F.R. § 1003.2(c)(2); *see Lara-Torres v. Ashcroft*, 383 F.3d 968, 972 (9th Cir. 2004) (holding that BIA denials of motions to reopen are reviewed for abuse of discretion), *amended by* 404 F.3d 1105 (9th Cir. 2005).

We lack jurisdiction to review Casteneda-Rivera's equitable tolling contention because he failed to exhaust this claim before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

We agree with the determination in this court's March 13, 2008, order that at the time that Casteneda-Rivera filed his motion to stay his voluntary departure period, his voluntary departure period had expired. Casteneda-Rivera's motion to reopen did not stay his period of voluntary departure because the motion was untimely. *See Azarte v. Ashcroft*, 394 F.3d 1278, 1280 (9th Cir. 2005) (concluding that the BIA abuses its discretion "when it dismisses a motion to reopen, *timely* filed by an alien during his voluntary period, because the alien subsequently fails to depart prior to the end of the period while awaiting the BIA's decision) (emphasis added); *see also Barroso v. Gonzales*, 429 F.3d 1195, 1205 (9th Cir.

2005) ("the *timely* filing of a motion to reopen. . . automatically tolls the voluntary departure period") (emphasis added).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**